UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

**SHELBY HAMMER,**
**ADRIANNE CLIFTON,**
**TODD FREESE, and**
**CHRYSTAL MYERS,**

    *Plaintiffs*,

v.                                     Case No. 7:23-CV-0158-JKP

**LAURA NODOLF;**
**MIDLAND COUNTY, TEXAS,**
**CITY OF MIDLAND, TEXAS, and**
**JENNIE ALONZO,**

    *Defendants*.

## SCHEDULING ORDER

The disposition of this case will be controlled by the following order. In accordance with Fed. R. Civ. P. 6(a), if a deadline set in this order falls on a weekend or a holiday, the effective day will be the next business day.

1. Parties shall make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) **on or before January 6, 2025**.

2. Parties asserting claims for relief may submit a written offer of settlement to opposing parties on or before **January 30, 2025**, and each opposing party may respond, in writing on or before **February 28, 2025**. All offers of settlement are to be private, not filed. The parties shall retain any written offers of settlement and response, as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings. At any time, if any parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory shall state the parties who reached the settlement and whether a settlement conference is required or desired. If a hearing is requested, the parties shall confer and provide mutually agreeable potential dates for the hearing.

3. On or before **April 1, 2025**, the parties shall file any motion seeking leave to amend pleadings or join parties.

4. All parties shall comply with W.D. Tex. Civ. R. 16(e). Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B), on or before **August 15, 2025**.

5. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B), on or before **September 19, 2025**.

6. Parties shall file all designations of rebuttal experts and serve on all parties the material required by Fed. R. Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

7. The deadline to file supplemental expert reports required under Fed. R. Civ. P. 26(e)(2) is at least 30 days before trial. The parties are advised that any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

8. Parties shall initiate all discovery procedures in time to complete discovery on or before **October 20, 2025**. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* W.D. Tex. Civ. R. 16. Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. *See* W.D. Tex. Civ. R. 7.

9. The parties shall complete ADR in compliance with W.D. Tex. Civ. R. 88 by **October 13, 2025**. A motion objecting to ADR must be filed not later than 60 days before that deadline. A report on ADR in compliance with Local Rule CV-88 shall be filed by **October 20, 2025**.

10. On or before **December 5, 2025**, the parties shall file any *Daubert* motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

11. On or before **November 28, 2025**, parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

12. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

13. If at any time during the pendency of this lawsuit, you would like to consent to the trial of your case by a United States Magistrate Judge, please indicate your consent on a form requested through the Clerk's Office. If all parties consent to trial of this case by a United States Magistrate Judge, the District Court may enter an order referring the case to a United States

Magistrate Judge for trial and entry of judgment. The parties are specifically advised that they are free to withhold consent without adverse consequences

**IT is so ORDERED.**

**SIGNED this 12th day of November 2024.**

*Jason Pulliam*
_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**