UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

SHELBY HAMMER, et al.,

    *Plaintiffs*,

v.                                **Case No. 7:23-CV-0158-JKP**

LAURA NODOLF, et al.,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss (ECF No. 94) filed by Defendant Midland County ("the County") pursuant to Fed. R. Civ. P. 12(b)(6). With the filing of Plaintiffs' response (ECF No. 101) and the County's reply (ECF No. 106), the motion is fully briefed and ready for ruling. After considering the motion, operative pleading, and applicable law, the Court partially grants the motion.

The Court previously issued a seventy-five-page Memorandum Opinion and Order ("M&O") addressing prior motions to dismiss filed by various defendants, including one filed by the County. The parties dispute the scope of that M&O as it pertains to the County. *Compare* Resp. at 3–5 *with* Reply at 1–3.

### A. Claims Based on Investigatory Role

The County commences its arguments on this motion by asserting that the Court should dismiss Plaintiffs' claims based on Defendant Nodolf's investigatory role. Mot. at 7. Relying on a motion to dismiss (ECF No. 30)—even earlier than the motion addressed through the M&O— Plaintiffs argue that this is not a new contention and that the Court rejected those arguments in the M&O. Plaintiffs accurately point out that the Court found sufficient allegations that Nodolf was acting outside of her prosecutorial role, *see* ECF No. 48 at 30, and that same conduct was enough to state a viable claim against the County under *Monell v. New York City Department of Social*

*Services*, 436 U.S. 658 (1978), *see id.* at 74. The Court expressly rejected the perceived attempt of the County to characterize all actions of Nodolf as falling within her prosecutorial role. *Id*.

The County, however, asserts that the Court has not addressed its arguments concerning Nodolf's investigatory role. Reply at 1. It construes the Court's prior order as construing the prior motion as seeking dismissal only to the extent Nodolf acted in her role as a prosecutor for the State. *Id*. However, such construction is plainly wrong. This Court neither limited its consideration to the prosecutorial role nor could it properly do so. Through the prior motion to dismiss considered by the Court, the County unquestionably sought to dismiss all claims asserted against it by Plaintiffs. *See* ECF No. 46 at 1, 18.

Although the thrust of its arguments was that Nodolf's role was purely prosecutorial on the behalf of the State, the County did recognize that Plaintiffs claim that Nodolf exceeded that role by investigating criminal cases and it argued that "is not true." *Id*. at 8–9. Naturally, the truth of allegations is generally beyond the realm of a motion to dismiss. Courts neither weigh credibility nor make findings of veracity. They instead "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corr., LLC*, 996 F.3d 302, 306–07 (5th Cir. 2021).

In ruling on the prior motion to dismiss, the Court rejected the County's premise that Plaintiffs were merely asserting legal conclusions in their Second Amended Complaint. *See* ECF No. 48 at 73. The Court recognized that Plaintiffs made several factual allegations beyond mere conclusion. *Id*. The following paragraphs provide the rationale of the Court's ruling on the County's prior motion:

> The County essentially wants to categorize all of Nodolf's alleged actions as falling with-in her role as a prosecutor for the State. But Plaintiffs' clam against the County goes beyond Nodolf enforcing state law or policy. *See* SAC ¶¶ 203-40. On the facts alleged, the Court finds that Plaintiffs have made sufficient allegations against the County to support a plausible claim of municipal liability under *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

> Based on the allegations of Plaintiffs, to the extent that Nodolf was acting in an investigatory role and acting pursuant to a county policy, she was acting as a county official. Plaintiffs have made enough allegations to support a plausible *Monell* against the County based upon Nodolf's acts as a county rather than state official. On the flipside, there is no *Monell* liability for her acts as a prosecutor. As with her personal absolute immunity defense, Nodolf was acting both within and outside of her prosecutorial role. The Court thus grants the County's motion in part and denies it in part. The motion is granted to the extent that Nodolf was acting in her role as prosecutor for the State, but it is otherwise denied.

*Id*. at 74. The Court made the opening notation about categorizing Nodolf's actions as prosecutorial, not because it was limiting its consideration to the prosecutorial role, but because that was the only avenue for the County to obtain dismissal of all claims asserted against it as it requested. This is clear from the text that follows the opening notation.

Focusing on the "otherwise denied" language, the County asserts that its "current motion makes clear that [it] is now moving to dismiss Plaintiffs' claims based on Nodolf acting as an investigator"; an argument that the Court did not have "a chance to address" because it had found that the County "did not raise" the argument in its prior motion. Reply at 1. The Court, however, made no such finding. It addressed the prior motion as seeking dismissal of all claims asserted against the County, as set out in the motion. That the County may not have made all the arguments at its disposal in that prior motion does not justify another motion to dismiss.

The County now states that it (the County) "did not address the claims based on Nodolf the investigator," and accordingly, the Court's order "provided no analysis for how it reached this conclusion, as it was less a finding and more of an observation that [the County] did not move to dismiss the remaining claims." Reply at 1–2. As is clear from the Court's order, it made no such observation, and it expressly denied the motion in part because Nodolf was acting both as a prosecutor for the State and as a County investigator. But the Court did not find that Plaintiffs had sufficiently pled a municipal liability merely because Nodolf acted as a county official. While it did not elaborate on its municipal liability analysis as it did for other claims addressed, the

thorough pleading of Plaintiffs was enough to survive Rule 12(b)(6) dismissal to the extent the *Monell* claims were based on Nodolf's role as a county official.

The County urges the Court to reject Plaintiffs' interpretation of the prior order because such interpretation necessarily means that the Court erred, which the County believes "is wrong." Reply at 2. It contends that an error necessarily arises under the Plaintiffs' interpretation because the Court only granted the County's motion to the extent Plaintiffs' claims were based on Nodolf's prosecutorial role and otherwise denied the motion, which would necessarily partially deny the motion as to Plaintiffs' claims for punitive or exemplary damages. *Id*. The error arises, according to the County, because the Court later recognized that punitive damages are not recoverable against municipalities when it considered Plaintiffs' claims against the City of Midland. *Id*.

The Court sees the confusion engendered through the punitive damages issue. Even though the County requested dismissal of exemplary damages within its prior motion, *see* ECF No. 46 at 9, the Court did not directly address such dismissal as to the County—it instead focused on allegations either supporting or not supporting a claim upon which relief could be granted. Had the Court dismissed all claims against the County, rather than just the ones based on prosecutorial actions, the punitive damages issue would have necessarily become a non-issue. But, by granting the motion in part and otherwise denying the motion, the Court unintentionally left the punitive damages issue unresolved in part.

Of course, the analysis applied to punitive damages sought from the City of Midland applies equally to all municipalities. Plaintiffs seem to have recognized their inability to obtain such damages as reflected by their Third Amended Complaint, which appears to limit punitive damages to the individual defendants only. *See* ECF No. 92 ¶¶ 249–52. Furthermore, the omission as to punitive damages against the County is a simple matter that could have easily been resolved through a motion to reconsider. The omission does not warrant another motion to dismiss under

Fed. R. Civ. P. 12(b)(6). The Court fully considered the County's prior arguments for dismissing Plaintiffs' claims against the County. That the Court did not address the requested dismissal of a remedy or relief sought against the County has no bearing on the claims considered by the Court.

As this Court has, at least twice before, recognized—"Rule 12(b)(6) concerns dismissing claims, not remedies stemming from a properly alleged claim." *Bellotte v. Austin*, No. 5:24-CV-0876-JKP, 2025 WL 2109962, at *6 (W.D. Tex. July 28, 2025).

> Rule 12(b)(6) does not appear to contemplate motions to dismiss specific types of relief. It instead provides a means for litigants to move for dismissal of an action or claims for the "failure to state a claim upon which relief can be granted." The relief sought can certainly bear on whether a party has stated a claim – in that, if all relief sought, is unavailable for a specific claim, then that claim may fail under Rule 12(b)(6). But, in general, when a party requests alternate relief on the same underlying claim, the unavailability of one type of relief should not garner a motion to dismiss under Rule 12(b)(6). And such a motion could face a summary denial.

*Morrison v. Marathon Petroleum Co., LP*, No. SA-20-CV-0480-JKP-RBF, 2021 WL 1739243, at *4 (W.D. Tex. May 3, 2021). These cases highlight at least two legal principles: (1) there is "no harm in allowing alternative relief to proceed beyond a motion to dismiss," but courts have discretionary authority to dismiss requested relief when it adds nothing to the case; (2) courts may dismiss types of damages not recoverable under an asserted claim or not recoverable once certain claims are dismissed from the case. *See Bellotte*, 2025 WL 2109962, at *6.

When a party moves to dismiss claims under Fed. R. Civ. P. 12(b)(6), the Court's general focus is on whether the allegations of the operative pleading are sufficient to state a claim upon which relief can be granted. Typically, the requested remedy or relief does not affect whether the allegations state a claim sufficient to survive dismissal under Rule 12(b)(6). But if the only relief or remedy sought is not permitted for the claim asserted, the claim may fail under Rule 12(b)(6). With respect to the prior motion to dismiss, the Court's focus was on the truly important matter from a Rule 12(b)(6) perspective—the allegations of the Second Amended Complaint and whether they were sufficient to survive dismissal. Unintentionally, that focus resulted in the Court not

addressing the punitive damages issue raised by the County. But, because the Court did address the issue as it pertained to the City of Midland, the parties should have been aware that Plaintiffs would be unable to recover the same type of damages against another municipality such as the County. Again, to the extent the failure to address the punitive damage issue directly as it related to the County caused confusion, the Court could have easily remedied or alleviated the confusion through a motion to reconsider.

The County next argues that, even if the Court did previously consider some of the arguments raised in the instant motion to dismiss, the Court may still consider the present motion and has multiple reasons to do so: (1) Plaintiffs have filed a new complaint; (2) unlike its prior motion, this motion squarely addresses Plaintiffs' theory based on Nodolf the investigator; (3) this is the Court's first opportunity to consider the arguments asserted in this motion; and (4) Plaintiffs' claims against the County should be dismissed because they rest on faulty grounds. Reply at 3. These arguments present several matters to consider.

First, with exceptions set out in Fed. R. Civ. P. 12(h)(2) and (3), Rule 12(g)(2) states a general prohibition on making successive Rule 12 motions "raising a defense or objection that was available to the party but omitted from its earlier motion." This Court, furthermore, has stated: "Absent unusual circumstances, a subsequent motion to dismiss does not entitle the movant to a do over. In general, courts do not engage in the Rule 12(b)(6) dismissal process merely to conduct another full-blown dismissal analysis on the same or additional factual allegations." *Alvarado v. Tex. Health & Hum. Servs. Comm'n*, No. 5:19-CV-0106-JKP, 2020 WL 4677304, at *5 (W.D. Tex. Aug. 12, 2020). Of course, "with respect to factual allegations deemed insufficient on [an earlier] motion to dismiss," a subsequent "motion has potential merit" with respect to a granted amendment seeking to bolster a claim previously found insufficient. *Id*. "But with respect to the allegations previously deemed sufficient, a second motion to dismiss is at best unlikely to succeed.

As a general matter, circumstances rarely warrant a second motion to dismiss claims that the Court has previously deemed sufficient under Rule 12(b)(6)." *Id*. When reviewing factual allegations of a subsequent amendment and finding no reason to alter its prior rulings on asserted claims, the Court properly denies the subsequent motion to dismiss. *Id*.

As already mentioned, the Court has fully considered the County's arguments for dismissing Plaintiffs' municipal liability claims. The omitted analysis regarding punitive damages against the County does not change the plausibility of the remaining municipal liability claim. The Court previously found Plaintiffs' allegations sufficient to survive the County's motion to dismiss as to their municipal liability claim premised on Nodolf's investigatory role. To the extent this is the Court's first opportunity to consider arguments asserted by the County, it is only because the County did not present them in its prior motion. To the extent the County believes that the remaining municipal liability claim rests on faulty grounds, its recourse is to challenge the claim on summary judgment. Sometimes claims must be viewed based on the undisputed facts rather than the allegations of a pleading.

Plaintiffs' most recent amendment added to the allegations. They added allegations to its pleading to address the County's argument that its Sheriff or deputies had no involvement in the arrests and investigation of this case. As Plaintiffs argue, "[t]he County offers no new facts, no change in law, and no meaningful distinction from its earlier arguments." Resp. at 9. The County either made or could have made the arguments raised in the instant motion to dismiss when it moved for dismissal of the Second Amended Complaint. Nothing in the Third Amended Complaint justifies another motion to dismiss as to the municipal liability claim. Nothing presented warrants the Court reconsidering its prior rulings. From the Court's prior ruling, as to claims against the County, Plaintiffs have made sufficient allegations to state a plausible municipal liability claim against the County based on Nodolf's investigatory role.

**B. Conspiracy Claims**

As mentioned above, Plaintiffs added allegations to their most recent amendment. The Second Amended Complaint asserted a conspiracy claim against Nodolf and unnamed co-conspirators. *See* ECF No. 44 ¶ 199. The Third Amended Complaint affirmatively asserts the conspiracy claim against all defendants, *see* ECF No. 92 ¶¶ 196–202, which naturally includes the County. Given this new claim specifically asserted against it, the County now moves for its dismissal. Following such an amendment, a serial motion to dismiss is warranted to address the newly asserted claim.

In response, Plaintiffs do not address the conspiracy claim. They only assert that they have adequately alleged *Monell* liability against the County. By failing to defend the conspiracy claim in response to the instant motion to dismiss, Plaintiffs have abandoned such claim against the County. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (finding a claim abandoned when the plaintiff failed to defend the claim in response to motion to dismiss). Accordingly, the Court deems the conspiracy claim against the County as abandoned and thus grants the motion to dismiss that claim.

**C. Exemplary Damage Claims**

The County also seeks to dismiss the exemplary damage claims. As previously mentioned, it appears that Plaintiffs have dropped their claim for punitive damages against the County, as reflected by the Third Amended Complaint. But, to the extent Plaintiffs continue to seek such damages from the County, as the Court found regarding the City of Midland, "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). While the breadth of this finding should have squelched concerns that Plaintiffs might recover such damages from the County, the Court now makes explicit which was merely implicit from its prior M&O, Plaintiffs may not recover such damages from the County in

this action. Through this finding, the Court remedies the omission from the earlier M&O and directly addresses the County's current request for dismissal of such a remedy.

**D. Conclusion**

For these reasons, the Court **GRANTS in part and DENIES in part** the Motion to Dismiss (ECF No. 94) filed by Defendant Midland County pursuant to Fed. R. Civ. P. 12(b)(6). The Court grants the motion only to the extent the County seeks dismissal of the conspiracy claim and the requested relief of punitive or exemplary damages against the County. Plaintiffs may not recover punitive damages from the County even though they have stated a plausible municipal liability claim against the County. In accordance with Fed. R. Civ. P. 12(a)(4), the County shall file its responsive pleading to Plaintiffs' Third Amended Complaint **on or before December 1, 2025**.

**IT is so ORDERED this 13th day of November 2025.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**