UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

**SHELBY HAMMER, et al.,**
    *Plaintiffs*,

v.                                                                                Case No. 7:23-CV-0158-JKP

**LAURA NODOLF, et al.,**
    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss (ECF No. 97) filed by Defendants Laura Nodolf and Jennifer Lively (collectively "Movants"). Pursuant to Fed. R. Civ. P. 12(b)(6), Movants seek to dismiss the claims asserted against them on grounds of immunity and Defendant Lively seeks to dismiss claims asserted against her as barred by the applicable statute of limitations. With Plaintiffs' response (ECF No. 102) and Defendants' reply brief (ECF No. 108), the motion is ripe for ruling. For the reasons that follow, the Court grants the motion in part.

## I. APPLICABLE LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In general, a court addressing a motion under Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citation omitted). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule

12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, when a pleading references documents that are central to a claim, the Court may consider such documents if attached to the motion to dismiss. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). "A document is central to a claim when it is necessary to establish an element of the claim." *Harmon v. Toyo Tire U.S.A. Corp.*, No. 5:21-CV-0724-JKP, 2022 WL 2873481, at *2 (W.D. Tex. July 20, 2022) (cleaned up). But courts do not incorporate a referenced document into the pleadings when "the operative pleading references a document that is merely evidence of an element of a claim." *Id.* (cleaned up).

To support their motion, Movants have filed an appendix (ECF No. 99) with four exhibits: (A) a CAC video interview of the student ("B.B.") at the center of this litigation (ECF No. 99-1); (B) an audio recording of Defendant Alonzo's interview of the parents of B.B. (ECF No. 99-2); (C) a confidential waiver and release (ECF No. 99-3); and (D) Alonzo's affidavit in support of her warrant applications (ECF No. 99-4). Although Movants recite the general legal principle that, when resolving a motion to dismiss, courts may consider documents attached to the motion if the operative pleading refers to the documents and they are central to a claim, ECF No. 97 at 1 n.1 and 8, they make no effort to show where the operative pleading refers to the provided documents or how the documents are central to any claim.

The submission of these documents prompts "an obvious threshold question that often arises" when considering a motion to dismiss, i.e., whether the submitted documents constitute a matter "outside the pleadings" for purposes of Fed. R. Civ. P. 12(d). *Gen. Retail Servs., Inc. v. Wireless Toyz Fran., LLC*, 255 F. App'x 775, 785 (5th Cir. 2007). Rule 12(d) mandates that courts treat a Rule 12(b)(6) motion to dismiss "as one for summary judgment under Rule 56" if "matters outside the pleadings are presented to and not excluded by the court." Despite that mandate, courts

2

have "complete discretion" as to whether to accept or reject a proffered matter that is outside the pleadings. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193-94 & n.3 (5th Cir. 1988).

The Court considered Exhibits A and D to the extent they were provided with the previously considered motions to dismiss and has no reason to revisit that decision on the instant motion to dismiss. Further, the Court has no need to consider Exhibit C on the instant motion and declines to consider whether it constitutes a matter outside the pleadings.

As to Exhibit B, Movants point to nowhere within the operative pleading that Plaintiffs refer to the recording of Alonzo's interview with the parents. "Since the Fifth Circuit initially approved the practice of considering matters attached to a motion to dismiss in *Collins*, Fifth Circuit precedent clearly, unambiguously, and unyieldingly requires a reference to the document within the pleading." *O'Malley v. Brown Bros. Harriman & Co.*, No. SA-19-CV-0010-JKP, 2020 WL 1033658, at *3 (W.D. Tex. Mar. 3, 2020) (citing cases). Absent the requisite reference, the Court lacks a basis to consider Exhibit B without converting the motion to one under Rule 56. Additionally, as argued in the motion and based on the Plaintiffs' allegations, it does not appear that Plaintiffs premise any claim on the audio recording. Given the allegations of Plaintiffs and the briefing, Exhibit B appears more central to a defense than to any claim of Plaintiffs. *See Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 537 (5th Cir. 2003). For these reasons, the Court declines to consider Exhibit B on the instant motion to dismiss.

When ruling on a motion to dismiss, courts "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corr., LLC*, 996 F.3d 302, 306-07 (5th Cir. 2021). But courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citations and internal quotation marks omitted). "And despite the natural focus on the allegations of the operative pleading, the party moving for dismissal under Rule

3

12(b)(6) has the burden to show that dismissal is warranted." *C.M. v. United States*, 672 F. Supp. 3d 288, 353 (W.D. Tex. 2023).

An asserted defense may support dismissal under Rule 12(b)(6) when the operative pleading conclusively establishes the defense because all relevant facts are within the record and are uncontroverted, admitted, or otherwise conclusively established. *Pie Dev., LLC v. Pie Carrier Holdings, Inc.*, 128 F.4th 657, 661–62 (5th Cir. 2025) (per curiam) (addressing res judicata defense); *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (addressing statute of limitations defense). And when a "motion to dismiss raises the defense of qualified immunity, the plaintiff 'must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm . . . alleged and that defeat a qualified immunity defense with equal specificity.'" *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017) (quoting *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014)); *accord Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023); *Terwilliger v. Reyna*, 4 F.4th 270, 280 (5th Cir. 2021). Although parties may raise defenses through a motion to dismiss under Rule 12(b)(6), the courts view them through the standards applicable to such motions. *See Kansa*, 20 F.3d at 1366. This includes viewing the alleged facts in the light most favorable to plaintiffs, *see id.*, even when considering the qualified immunity defense.

## II. MATTERS RAISED

The Court has previously addressed the issues of immunity as to Defendant Nodolf, *see* ECF No. 48, and contemporaneously with this Memorandum Opinion and Order it has found claims asserted against Defendant Sharp as untimely. The Court finds no need to revisit these matters in depth again. But the Court will briefly address these matters in the following paragraphs.

**A. Claims Against Defendant Lively**

Defendant Lively argues that the claims asserted against her are untimely and do not relate back to the date of Plaintiffs' original complaint. ECF No. 95 at 22. The Court has agreed with the same arguments asserted by Defendant Sharp. Similarly, it has rejected the same arguments

4

asserted in response by Plaintiffs. Unlike Sharp, Lively expressly invokes equitable tolling. ECF No. 102 at 20 (relying on two-prong test applied in *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016)). Despite the lack of express invocation, the Court fully considered tolling when granting Sharp's motion to dismiss. For the reasons stated in the Memorandum Opinion and Order addressing Defendant Sharp's limitations defense, the Court finds the claims against Defendant Lively are untimely, no basis for tolling is warranted on the facts of this case, and Plaintiffs' Third Amended Complaint does not relate back to the date of the original complaint under Fed. R. Civ. P. 15(c). As with Sharp, Plaintiffs' earlier pleadings identified Lively as a co-conspirator and included allegations of her involvement. Accordingly, the Court grants the instant motion as to Defendant Lively and dismisses the claims against her as untimely. The Court has no reason to address any other basis for dismissing the claims against Defendant Lively.

**B. Claims Against Defendant Nodolf**

As she did in her prior motion to dismiss, Defendant Nodolf asserts that she is entitled to absolute immunity for all claims related to the judicial phase of the criminal process and to qualified immunity for claims related to the advice she allegedly gave to police officers. Plaintiffs contest the motion both procedurally through the law-of-the-case doctrine and substantively on the merits.

In reply, Nodolf states that she premises her part of the instant motion on purported new claims asserted against her in the Third Amended Complaint. But, while that pleading may assert additional factual allegations regarding Nodolf, it does not assert any new claim against Nodolf. The additional allegations provide no reason to step back from the Court's prior rulings.

Regarding the qualified immunity defense, Nodolf contends that she can now directly refute Plaintiffs' claims that she and Defendant Alonzo lacked evidence of Plaintiffs' knowledge of abuse of BB. According to Nodolf, Plaintiffs and the City of Midland have produced an audio recording of Alonzo's interview with BB's parents, in which the parents discuss both what they

5

told Plaintiffs about BB's abuse and what Plaintiffs told them in response.

Three issues are readily apparent. One, on the instant motion to dismiss, the Court has declined to consider the evidence proffered for such direct refutation. Two, even on the assertion of qualified immunity in a Rule 12(b)(6) context, the focus is on the allegations of the operative pleading. Direct refutation of pleading allegations is typically a function of summary judgment where parties must rely on evidence rather than mere factual allegations. Three, even if the Court were to consider the recording at this stage, Nodolf provides no reason for not providing it with her prior motion to dismiss.

Nodolf disagrees with the Court's prior ruling on qualified immunity. But instead of appealing that ruling or seeking reconsideration, she joined Defendant Lively in asserting qualified immunity in the instant motion to dismiss. While it is perfectly warranted for Lively to do so as a new defendant in this case, dismissal on the grounds of timeliness has rendered it unnecessary to consider qualified immunity as to Lively. And for the reasons stated, the Court will not revisit the issue for Nodolf through the instant motion to dismiss based on an audio recording that purports to refute allegations of Plaintiffs.

The Court also agrees that the law-of-the-case doctrine favors not revisiting the prior rulings in this case. As described by the Supreme Court, "law of the case is an amorphous concept." *Arizona v. California*, 460 U.S. 605, 618 (1983). In its "most commonly defined" form, "the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Id*. "Under this doctrine, a court should not reopen issues decided in earlier stages of the same litigation." *Agostini v. Felton*, 521 U.S. 203, 236 (1997). Nevertheless, while the "doctrine 'directs a court's discretion, it does not limit the tribunal's power.'" *Pepper v. United States*, 562 U.S. 476, 506 (2011) (quoting *Arizona*, 460 U.S. at 618). The doctrine does not make it "improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." *Arizona*, 460 U.S. at

6

618 n.8. In such circumstances, the doctrine is inapplicable. *Pepper*, 562 U.S. at 506–07.

Movants challenge the applicability of the law-of-the-case doctrine as to Defendant Lively and the purported new claims against Defendant Nodolf. ECF No. 108 at 1. But as stated earlier, Plaintiffs' claims against Lively are dismissed as untimely and the Third Amended Complaint does not assert any new claim against Nodolf. As to Nodolf, the amendment merely asserts additional factual allegations.

The law-of-the-case doctrine actually favors Nodolf with respect to prosecutorial immunity. To the extent the new allegations go to her role as prosecutor, they do not change the Court's prior ruling that she is entitled to absolute immunity for prosecutorial conduct. As previously found, "absolute immunity protects her from liability regarding the allegations of presenting false information and misrepresentations to the grand jury." ECF No. 48 at 30. To the extent Plaintiffs are now seeking to hold Nodolf liable for concealing or suppressing evidence, Nodolf is likewise protected by prosecutorial immunity for such conduct. *See Truvia v. Julien*, 187 F. App'x 346, 348 (5th Cir. 2006) (per curiam) (citing *Cousin v. Small*, 325 F.3d 627, 635 & n.11 (5th Cir. 2003) (per curiam)). In response to the motion, Plaintiffs contested absolute prosecutorial immunity only to the extent the Court previously declined to extend such immunity to investigative or administrative conduct by Nodolf. *See* ECF No. 102 at 8–9. But, as viewed by Movants, Plaintiffs' new allegations again encroach upon prosecutorial conduct that is protected by absolute immunity. Thus, to the extent necessary, the Court extends its prior ruling on prosecutorial conduct to include the alleged concealing or suppressing of evidence.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Motion to Dismiss (ECF No. 97) filed by Defendants Laura Nodolf and Jennifer Lively. The claims asserted against Defendant Lively are **DISMISSED** as untimely under the applicable statute of limitations. **The Clerk of Court shall terminate her as a party in this litigation.** With respect to

Defendant Nodolf, the Court grants the motion to the extent necessary to extend its prior ruling on prosecutorial immunity to include alleged concealing or suppressing of evidence by her. The Court declines to revisit any ruling on qualified immunity and otherwise denies the motion to dismiss except as stated herein. In accordance with Fed. R. Civ. P. 12(a)(4), Defendant Nodolf shall file her responsive pleading to Plaintiffs' Third Amended Complaint **on or before December 1, 2025**.

**IT is so ORDERED this 13th day of November 2025.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**